**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| SAM MARIN ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES LLC ) | |
| ) | |
| Defendant. ) | JURY DEMAND |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff seeks redress in this action for of Portfolio Recovery Associates, LLC's (hereinafter referred to as "PRA" or "Defendant") for defendant's practice of making unauthorized phone calls to cellular telephones under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. ("TCPA") and its practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, 15 U.S.C. § 1692k(d) (FDCPA), and 47 U.S.C. §227 (TCPA). Venue in this District is proper because defendant transacts business here.

**PARTIES**

3. Plaintiff Sam Marin is a resident and resides in Chicago, Illinois.

4. Defendant Portfolio Recovery Associates LLC is a Virginia limited liability

company with National Registered Agents Inc. at 200 West Adams Street, Chicago, Illinois, 60606 as its registered agent in Illinois. PRA purchasers debt at discount and attempts who collect these debts on its own behalf. It has at least thirteen call centers located throughout the country.

5. Defendant regularly uses the mail and telephone to attempt to collect consumer debt and is a debt collector under the FDCPA.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

6. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

8. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

9. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the

called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTS

10. Plaintiff was a co-debtor with his ex-wife, Darcy A. Loyla on the Wells Fargo Auto Finance account in question prior to their divorce.

11. Upon information and belief, the account was closed in good standing or charged off between 1995 and 1998, as plaintiff's ex-wife maintained the payments and eventually took possession of the vehicle.

12. Plaintiff obtained his current cell phone number in 1998, subsequent to the initialization of the loan, and thus did not furnish or give consent to receive calls regarding this debt from the defendant or the original creditor.

13. Upon information and belief, PRA obtained plaintiff's cell phone number via skip-tracing.

14. Upon information and belief, the account on which Defendant is attempting to collect was and is past the statute of limitations pursuant to 735 ILCS 513-205/206.

15. Between October 2010 and December 19th, 2010, PRA placed around 100 calls to plaintiff's cell phone from numbers known to be owned by Portfolio Recovery Associates LLC.

16. When plaintiff would answer the phone, there was a long pause with no communications from the other end of the line until a debt collector would connect, which indicates the use of an autodialer mechanism.

17. In all instances, on information and belief, PRA utilized an autodialer that

had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator to call the plaintiff.

18. On at least two occasions when plaintiff was connected to a debt collector, he advised the debt collector that he was on his cell phone, and that no consent was given to contact him via that number or via any other telephonic method in the future.

19. During these communication, the employees of PRA failed to disclose the identity of the company from which he or she was calling and failed to disclose that the company was a debt collector calling to collect a debt.

20. At the time of this communication, plaintiff had never previously provided defendant with authorization to telephone plaintiff's cellular phone.

21. Defendant failed to send Plaintiff written notification of Plaintiff's alleged indebtedness to defendant and plaintiff's right to dispute defendant's allegation within five(5) days of defendant's above referenced initial communication to plaintiff.

22. As of the date of filing this lawsuit, plaintiff has not received written notification of the alleged indebtedness.

### COUNT I - TCPA (CELLULAR CALLS)

23. Plaintiff incorporates the above factual allegations herein.

24. Defendant made unsolicited commercial phone calls to the wireless telephone number of plaintiff and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. These phone calls were made without the prior express consent of plaintiff or the class.

4

26. Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

27. Because defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the plaintiff and the class.

28. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting PRA's violation of the TCPA in the future.

## CLASS ALLEGATIONS

29. Plaintiff proposes the following TCPA definition, subject to amendment as appropriate

> All persons within the United States who, on or after four years prior to the filing of this action and 20 days following the filing of this action, received a non-emergency telephone call from PRA to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed. Collectively, all these persons will be referred to as "Plaintiffs" or "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are PRA and any entities in which PRA has a controlling interest, PRA's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

30. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class. The joinder of all Class members is

impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified readily through records maintained by PRA.

31. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

> a. Whether, beginning in October, 2010, and continuing until February, 2011, PRA made nonemergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;
>
> b. Whether PRA can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;
>
> c. Whether PRA's conduct was knowing and/or willful;
>
> d. Whether PRA is liable for damages, and the amount of such damages; and
>
> e. Whether PRA should be enjoined from engaging in such conduct in the future.

32. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes including TCPA class actions.

34. A class action is superior to other alternative methods of adjudicating this dispute. Class wide relief is essential to compel PRA to comply with the TCPA. The interest of

Class members in individually controlling the prosecution of separate claims against PRA is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

35. PRA has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

A. As a result of PRA's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

B. As a result of PRA's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. Injunctive relief prohibiting such violations of the TCPA by PRA in the

future;

    D.    An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

    E.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

    F.    Such other relief as the Court deems just and proper.

## COUNT II - FDCPA

36.    Plaintiff incorporates the above factual allegations herein.

37.    Defendant's practice of placing calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent was harassing and annoying. Because plaintiff kept his cellular telephone on or around his person everyday, he was unable to avoid defendant's calls.

38.    Defendant violated the FDCPA, 15 U.S.C. § 1692d, by attempting to harass and annoy plaintiff by the calls to his cellular telephone.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

    a.    Statutory damages;

  b.  Attorney's fees, litigation expenses and costs of suit;

  c.  Such other or further relief as the Court deems appropriate.

      Respectfully submitted,

      Sam Marin, Plaintiff

      <u>/s/ Keith J. Keogh</u>

      By His attorney

Keith J. Keogh
Ainat Margalit
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

### **JURY DEMAND**

Plaintiff demands trial by jury.

      <u>/s/ Keith J. Keogh</u>